# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10203

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGER WAYNE LANGSTON, also known as Big Country,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-921

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Roger Wayne Langston, federal prisoner # 54048-177, moves this court for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Langston filed the motion to challenge his 480-month sentence for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. He asserts that his trial counsel rendered ineffective assistance by failing to object to various sentencing enhancements. He further asserts that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in not conducting an evidentiary hearing prior to denying his § 2255 motion.

To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court has denied the constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Langston has failed to make the requisite showing. *See Slack*, 529 U.S. at 484. Accordingly, his request for a COA is denied.

With respect to Langston's claim that the district court should have held an evidentiary hearing, a COA is not required to appeal the denial of an evidentiary hearing in a federal habeas proceeding. *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). We therefore construe his motion for a COA with respect to the district court's failure to hold an evidentiary hearing as a direct appeal of that issue. *See id.*

We review a district court's refusal to grant an evidentiary hearing on a § 2255 motion for abuse of discretion. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). To show abuse of discretion, Langston must come forward with "independent indicia of the likely merit of [his] allegations." *Id.* at 442 (internal quotation marks and citation omitted). Langston does not attempt to explain why an evidentiary hearing was necessary in his case, what such a hearing would have shown, or why the district court abused its discretion by failing to conduct such a hearing. Accordingly, the district court's denial of Langston's § 2255 motion without an evidentiary hearing is affirmed.

COA DENIED; AFFIRMED.